UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOHEEB ODOFFIN,<br><br>                          Petitioner,<br><br>          v.<br><br>WARDEN, FCI MENDOTA,<br><br>                          Respondent. | No.  1:22-cv-01616-HBK (HC)<br><br>ORDER DIRECTING RESPONDENT TO SUBMIT SUPPLEMENTAL BRIEFING<br><br>FOURTEEN-DAY DEADLINE |

Petitioner Toheeb Odoffin ("Petitioner"), a federal prisoner, initiated this action by filing a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 on December 16, 2022, while he was incarcerated at the Federal Correctional Institution (FCI) Mendota, located in Fresno County, California, which is within the venue and jurisdiction of this Court.  (Doc. No. 1, "Petition").  The Petition asserts a single claim:  the Bureau of Prisons ("BOP") unlawfully restricts inmates with detainers from applying earned time credits (FTCs) in contravention of the First Step Act, and that the BOP should have applied his FTCs and released him in May 2022.  (Doc. No. 1 at 6); *see* 18 U.S.C. § 3632(d)(4)(A), (C) (providing that time credits earned from completion of evidence-based recidivism reduction programming productive activities shall be applied toward time in prerelease custody or supervised release).  On April 14, 2023, Respondent filed a Motion to Dismiss the Petition for several reasons, including lack of constitutional standing, failure to state a claim, and failure to exhaust his administrative remedies.  (Doc. No. 11).


Federal courts has an independent duty to consider its own subject-matter jurisdiction. Fed. Rule of Civ. P. 12(h)(3); *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). Under Article III, Section II of the Constitution, a federal court's jurisdiction is limited to adjudication of "live" cases and controversies. *See Hollingsworth v. Perry*, 570 U.S. 693, 705 (2013) ("Article III demands that an actual controversy persist throughout all stages of litigation.") (internal quotation marks omitted); *see also Arizonans for Official English v. Arizona,* 520 U.S. 43, 67 (1997) (Article III's "cases" and "controversies" limitation requires that "an actual controversy . . . be extant at all stages of review, not merely at the time the complaint is filed,") (internal quotation marks omitted). To maintain a claim, a litigant must continue to have a personal stake in all stages of the judicial proceeding. *Abdala v. INS*, 488 F.3d 1061, 1063 (9th Cir. 2007) (internal citation omitted). In the context of a habeas petition, the "case or controversy requirement requires a finding of mootness if (1) the petitioner has received the relief requested in the petition; or (2) the court is unable to provide the petition with the relief sought." *Aniyeloye v. Birkholz,* 2023 WL 4868545, at *1 (C.D. Cal. July 31, 2023) (citing *Munoz v. Rowland*, 104 F.3d 1096, 1097-98 (9th Cir. 1997)); *see also Dominguez v. Kernan*, 906 F.3d 1127, 1132 (9th Cir. 2018) (case is moot when it is "impossible for a court to grant any effectual relief" on petitioner's claim).

Petitioner challenges the BOP's calculation of earned time credits pursuant to the FSA, and specifically demands the BOP immediately calculate Petitioner's earned time credits and apply them. (Doc. No. 1). The Court's *sua sponte* search of the BOP inmate locator database indicates that Petitioner was released from custody on April 21, 2023.[1] Because it appears that Petitioner has been released from custody, the Court must first determine whether this action is moot before considering its merits.

////

////

---

[1] *See* BOP Inmate Locator, https://www.bop.gov/inmateloc (last visited September 6, 2023). The Court may take judicial notice of information on official government websites. *McClure v. Ives*, 2010 WL 716193, at *3 (E.D. Cal. Feb. 26, 2010).

Accordingly, it is **ORDERED**:

Within **fourteen (14) days** from the date of this Order, Respondent shall submit supplemental briefing to address whether this action is moot as a result of Petitioner's release from custody.

Dated:    September 7, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE