UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOHEEB ODOFFIN,<br><br>              Petitioner,<br><br>       v.<br><br>WARDEN, FCI MENDOTA,<br><br>              Respondent. | No.  1:22-cv-01616-HBK (HC)<br><br>ORDER TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION[1]<br><br>(Doc. No. 11)<br><br>FOURTEEN-DAY OBJECTION PERIOD |

Petitioner Toheeb Odoffin ("Petitioner"), a former federal inmate, initiated this action on December 16, 2022, by filing a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 while he was incarcerated at Federal Correctional Institution ("FCI") Mendota, located in Fresno County, California, which is within the venue and jurisdiction of this Court.  (Doc. No. 1, "Petition").  The Petition challenges the execution of Petitioner's sentence.  (*Id*. at 4). Specifically, the Petition raises one claim: the Bureau of Prisons ("BOP") unlawfully restricts inmates with detainers from applying earned time credits (FTCs) in contravention of the First Step Act, and the BOP should have applied his FTCs and released him in May 2022.  (Doc. No. 1 at 6); *see* 18 U.S.C. § 3632(d)(4)(A), (C) (providing that time credits earned from completion of

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

evidence-based recidivism reduction programming productive activities shall be applied toward time in prerelease custody or supervised release).  Petitioner requests that the Court enjoin the BOP to calculate his earned time credits and apply his credits.  (Doc. No. 1 at 7).

In response, Respondent filed a Motion to Dismiss with Appendix on April 14, 2023, arguing the Petition should be dismissed for reasons including lack of constitutional standing, failure to state a claim, and failure to exhaust administrative remedies.  (Doc. No. 11, 11-1).  On September 7, 2023, the Court ordered Respondent to submit supplemental briefing addressing whether the action is moot as it appeared Petitioner was released from custody on April 21, 2023. (Doc. No. 12).  On September 21, 2023, Respondent filed a supplement to the Motion to Dismiss, arguing the Court lacks jurisdiction because Petitioner's release from custody moots the Petition. (Doc. No. 13).  For the reasons set forth more fully herein, the undersigned recommends granting Respondent's Motion to Dismiss.

## I. BACKGROUND

### A. Procedural History

In 2017, Petitioner pled guilty in the Eastern District of Virginia for conspiracy to commit access mail, bank, and wire fraud in violation of 18 U.S.C. § 1349, and aggravated identity theft in violation of 18 U.S.C. § 1028A; and was sentenced to serve an aggregate term of 90 months of federal incarceration and a three-year term of supervised release.  *See United States v. Fadeyibi et al.*, 4:16-cr-00049-RAJ-LRL-2, Crim. Doc. Nos. 91, 142, 152 (E.D. Va.)[2]; (Doc. No. 11-1).  At the time Petitioner filed the Petition, he was incarcerated in FCI Mendota.  Petitioner was released from incarceration on April 21, 2023—after he filed the instant Petition demanding the recalculation of his earned time credit under the First Step Act.  (Doc. No. 13 at 1; Doc. No. 13-1 at 4).

### B. The First Step Act

The First Step Act ("FSA"), enacted December 21, 2018, provided for considerable changes to the federal criminal code, including several prison and sentencing reforms.  First Step

---

[2] The undersigned cites to the record in Petitioner's underlying EDVA criminal cases as "Crim. Doc. No. _."

2

Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).  One such reform under the First Time Act entailed the implementation of Federal Time Credits ("FTCs").  18 U.S.C. § 3632(d)(4)(A).  Essentially, an inmate "who successfully completed evidence-based recidivism reduction programming or productive activities" "shall earn 10 days of time credits for every 30 days of successful participation."  *Id*.  These FTCs earned by eligible inmates are "applied toward time in prerelease custody or supervised release."  *Id.*

Additionally, the FSA authorized the BOP to use a risk and needs assessment system, "PATTERN," and designate a prisoner with a minimum, low, medium, or high-risk score.  *United States v. DeCaro,* No. 2022 WL 4395905, at *1 n.1 (E.D. Mo. Aug. 23, 2022).  Inmates who receive a minimum or low-risk score over two consecutive assessments earn an additional five days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming (EBRR programming) or productive activities (PAs).  18 U.S.C. § 3632(d)(4)(A)(ii); *Orihuela v. Engleman*, 2022 WL 18106676, at *1 (C.D. Ca. Nov. 3, 2022) ("A prisoner's PATTERN score may affect the rate at which he earns FTC for his participation in EBRRs and Pas.").

Inmates may begin earning FTCs once their term begins, but an inmate cannot earn FTCs for programming or activities in which he or she participated in prior to the enactment of the FSA on December 21, 2018.  28 C.F.R. § 523.42.  An inmate can earn retroactive application of FTCs for EBRR programming or PAs in which he or she participated in from December 21, 2018, to January 13, 2022.  *Id*.

## II.  APPLICABLE LAW AND ANALYSIS

Under Rule 4, if a petition is not dismissed at screening, the judge "must order the respondent to file an answer, motion, or other response" to the petition.  R. Governing 2254 Cases 4.  The Advisory Committee Notes to Rule 4 state that "the judge may want to authorize the respondent to make a motion to dismiss based upon information furnished by respondent."  A motion to dismiss a petition for writ of habeas corpus is construed as a request for the court to dismiss under Rule 4 of the Rules Governing Section 2254 Cases.  *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990).  Under Rule 4, a district court must dismiss a habeas petition if it

3

1  "plainly appears" that the petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d
2  687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).
3        Under Article III, Section II of the Constitution, a federal court's jurisdiction is limited to
4  adjudication of "live" cases and controversies.  *See Hollingsworth v. Perry*, 570 U.S. 693, 705
5  (2013) ("Article III demands that an actual controversy persist throughout all stages of
6  litigation.") (internal quotation marks omitted); *see also Arizonans for Official English v.*
7  *Arizona,* 520 U.S. 43, 67 (1997) (Article III's "cases" and "controversies" limitation requires that
8  "an actual controversy . . . be extant at all stages of review, not merely at the time the complaint is
9  filed,") (internal quotation marks omitted).  Federal courts consider various doctrines, including
10  "standing," "ripeness," and "mootness" to ascertain whether a meets the "case and controversy"
11  requirement.  *See Poe v. Ullman*, 367 U.S. 497, 502-505 (1961).  To maintain a claim, a litigant
12  must continue to have a personal stake in all stages of the judicial proceeding.  *Abdala v. INS*, 488
13  F.3d 1061, 1063 (9th Cir. 2007) (internal citation omitted).  A case must be dismissed if it
14  becomes moot at any stage.  *See City of Mesquite v. Aladdin's Castle*, 455 U.S. 283, 288 (1982).
15  Absent collateral consequences, a "habeas petition does not continue to present a live controversy
16  once the petitioner is released from custody." *Abdala*, 488 F.3d at 1064; *see also Kelley v.*
17  *Brewer*, 2023 WL 2992823, at *3 (E.D. Cal. Apr. 18, 2023) ("there is nothing capable of being
18  redressed by a favorable judicial decision because the BOP has already calculated his FSA credits
19  and released [the petitioner].  In other words, petitioner's case is moot absent demonstrable
20  collateral consequences arising from BOP's calculation of his FSA credits."); *Fower v. Birkholz*,
21  2023 WL 3828775, at *1 (C.D. Cal. May 4, 2023) ("Petition is moot because Petitioner obtained
22  the relief he sought in the Petition – release from BOP custody after the application of his FSA
23  credits.").
24      Because Petitioner is no longer in BOP custody, his Petition is moot.  Thus, the Court
25  lacks jurisdiction to consider any claims raised in the Petition.  The undersigned recommends that
26  the district court grant the Motion to Dismiss and dismiss the Petition as moot.
27      ////
28      ////

Accordingly, it is **ORDERED**:

The Clerk of Court is directed to assign this case to a district judge for the purposes of reviewing these findings and recommendations.

It is further **RECOMMENDED**:

1. Respondent's Motion to Dismiss (Doc. No. 11) be GRANTED.
2. The Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED as moot.
3. The Clerk of Court be directed to terminate any pending motions and close this case.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:     October 3, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE